UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID MISHLER,<br><br>Defendant. | Case No. 19-cr-00105-RS-2<br><br>**ORDER GRANTING<br>SENTENCE REDUCTION** |

## I. INTRODUCTION

Defendant David Mishler is currently in the custody of the Bureau of Prisons ("BOP") and is incarcerated at the United States Penitentiary ("USP") in Atwater, California. Mishler is 51 years old and severely obese. He moves for immediate release from Atwater USP, in light of his heightened risk of becoming severely ill from COVID-19, pursuant to 18 U.S.C. § 3582(c)(1)(A).[1] For the reasons set forth below, the motion is granted.

## II. BACKGROUND

On April 9, 2019, Mishler pled guilty to wire fraud, 18 U.S.C. § 1343, conspiracy to commit wire fraud, 18 U.S.C. § 1382, and filing a false tax return, 26 U.S.C. § 7206(1). He was sentenced to 12 months in prison, followed by three years of supervised release. Mishler self-surrendered on January 3, 2020. His projected release date is November 9, 2020, though the

---

[1] Mishler's motion is also made pursuant to 18 U.S.C. § 4205(g). However, that statute only applies to individuals whose offenses occurred prior to November 1, 1987. *See* 28 CFR § 572.40. Mishler's did not. Thus, his motion will only be considered under 18 U.S.C. § 3582(c).

Bureau of Prisons ("BOP") has informed the United States that Mishler will be released to a halfway house in San Francisco on August 12, 2020.

Mishler says that sometime in April 2020, he was informed by officials at Atwater USP that he would be released to home confinement due to concerns around COVID-19. However, he was later advised that prison policy had changed and he would not, in fact, be released. He was advised to petition the warden for release pursuant to 18 U.S.C. § 3582(c), which he did on May 20, 2020. The warden denied his petition on June 8, 2020.

### III.  LEGAL STANDARD

Under section 3582, as amended by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), a court may modify a defendant's sentence "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Upon such a motion, a court may modify a defendant's sentence "after considering the factors set forth in § 3553(a) to the extent applicable" if it finds "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* § 3582(c)(1)(A)(i).

The relevant Sentencing Commission policy statement sets forth several "extraordinary and compelling reasons." U.S. Sentencing Guidelines, § 1B1.13(1)(A) & cmt. 1.[2] One of these reasons is whether the defendant is "suffering from a serious physical or medical condition…that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." *Id.* § 1B1.13 cmt.

---

[2] Courts are split on whether section 1B1.13 continues to control, as it has not been updated since the passage of the First Step Act. *Compare United States v. Cantu,* No. 05-cr-00458, 2019 WL 2498923, at *3-4 (S.D. Tex. June 17, 2019), *with United States v. Ebbers,* 02-cr-01144, 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020). However, even courts which have found the provision to be outdated have held it continues to provide "helpful guidance." *United States v. Beck*, No. 13-cr-00186, 2019 WL 2716505, at *6 (M.D.N.C. June 28, 2019).

1(A)(ii). Another is "[t]he death or incapacitation of the caregiver of the defendant's minor child…." *Id.* § 1B1.13 cmt. 1(C)(i). The Commission also requires the defendant not pose a danger to the safety of the community. *Id.* § 1B1.13(2).

## IV.  DISCUSSION

The government does not oppose Mishler's motion for release should the Court find that his medical condition combined with the COVID-19 pandemic constitutes an extraordinary and compelling reason supporting his request. The dangers which COVID-19 presents to incarcerated individuals are, at this point, blatantly obvious. For example, the outbreak at San Quentin Prison, which had not reported any inmate cases through May but where a third of the population is now infected and three individuals died this past weekend, is one recent devastating illustration. *See* NPR, *COVID-19 Outbreak Devastates California's San Quentin Prison* (July 4, 2020), https://www.npr.org/2020/07/04/887239267/covid-19-outbreak-devastates-californias-san-quentin-prison ("More than one third of inmates at California's overcrowded San Quentin prison have tested positive for COVID-19, in what some are calling the state's biggest prison health catastrophe in history."). At Atwater USP, where Mishler is incarcerated, the BOP has confirmed two guards have already tested positive. *See* BOP, COVID-19 Coronavirus (last visited July 6, 2020), https://www.bop.gov/coronavirus/. Mishler reported to his counsel that an additional two guards tested positive yesterday.

The heightened risk COVID-19 poses to individuals such as Mishler who suffer from severe obesity constitutes an extraordinary and compelling reason warranting his release.[3] The Centers for Disease Control and Prevention ("CDC") have warned that individuals with a body mass index ("BMI") of 30 or higher have an increased risk of suffering severe illness from

---

[3] Mishler offers two additional purported extraordinary and compelling reasons which he argues warrant his release. First, he states he suffers from pre-diabetes. However, the government counters that Mishler's prison medical records do not mention pre-diabetes. Second, Mishler states his minor daughter needs a caretaker while her mother is working night shifts. Because, as discussed above, Mishler's severe obesity itself, combined with the COVID-19 pandemic, warrants his release, these additional reasons need not be evaluated.

COVID-19. *See* CDC, People of Any Age With Underlying Medical Conditions (last visited July 6, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html. At the time of his self-surrender, Mishler had a BMI of 40, which the CDC classifies as "severe" or "extreme" obesity. *See* CDC, Defining Adult Overweight and Obesity (last visited July 6, 2020), https://www.cdc.gov/obesity/adult/defining.html. Severe obesity is not a condition from which an individual is expected to "recover," and an incarcerated person suffering from obesity is thus unlikely to be able "to provide self-care within the environment of a correctional facility" to avoid contracting a severe case of COVID-19. U.S. Sentencing Guidelines § 1B1.13 cmt. 1(A)(ii). Therefore, Mishler has effectively demonstrated a nexus between his medical condition and the ongoing pandemic which supports a reduction under section 3582.

The section 3553(a) sentencing factors also support Mishler's release. In particular, one such factor is "the need for the sentence imposed…to provide the defendant with…medical care…in the most effective manner." 18 U.S.C. § 3553(a)(2)(D). Mishler is unlikely to be able to get the medical care he needs in prison in the midst of an ongoing pandemic. *See* Lisa Freeland et al, *We'll See Many More Covid-19 Deaths in Prisons if Barr and Congress Don't Act Now*, Wash. Post (Apr. 6, 2020), https://www.washingtonpost.com/opinions/2020/04/06/covid-19s-threat-prisons-argues-releasing-at-risk-offenders/ (discussing "wholly inadequate medical care" in federal prisons). Furthermore, sections 3553 and 3582 both require consideration of public safety. *See* 18 U.S.C. §§ 3553(a)(2)(C), 3582(c)(1)(A)(ii). At the time of his sentencing, Mishler had no criminal record and was adjudged not to pose any danger to the community. *See* Probation Presentence Report, ECF No. 30, at 24.[4] The crimes to which he pled guilty were not violent. Furthermore, he has had no disciplinary issues in prison. Thus, the sentencing factors support Mishler's release.

---

[4] The government agrees that the section 3553 factors support Mishler's release and that he does not pose a danger to the community.

ORDER GRANTING COMPASSIONATE RELEASE
CASE NO. 19-cr-00105-RS-2
4

## V.  CONCLUSION

For the reasons set forth above, the motion for release is granted. Mishler's sentence of imprisonment is modified to time served. However, the remaining portion of his original term of imprisonment, through November 9, 2020, shall be served as supervised release with the special condition that Mishler shall be subject to home confinement. He shall subsequently serve the three-year term of supervised release imposed in his original sentence, without the home confinement condition. Upon his release and during his term of home confinement, Mishler will satisfy the 14-day self-quarantine requirement. The BOP is directed to release Mishler forthwith. The government shall serve a copy of this order on the Warden at Atwater USP immediately. Furthermore, the motion to seal Mishler's medical records is granted.

**IT IS SO ORDERED**.

Dated: July 7, 2020

_____
RICHARD SEEBORG
United States District Judge